IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : CRIMINAL NO: 5:03-CR-47(WDO) |
| vs. | : |
| | : |
| FORREST WILLIAM HAMM | : |
| | : |
| _____ | : |

## AMENDED PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and the defendant, FORREST WILLIAM HAMM, and defendant's undersigned attorney, as follows:

(1)

FORREST WILLIAM HAMM (HAMM) acknowledges that he has reviewed and discussed the Indictment against him in this matter with defendant's attorney and his attorney has explained to HAMM his understanding of the government's evidence.

(2)

The defendant understands that defendant is not required to plead guilty, and that defendant has the right to plead not guilty and to elect instead to be tried by jury. The defendant understands that at a jury trial, defendant would enjoy a presumption of innocence, and that the government would have the burden of proving defendant's guilt beyond a reasonable doubt. The defendant understands that defendant would be entitled to the services of a lawyer at all stages of



such a trial. The defendant understands that defendant would be entitled to confront and to cross-examine the government's proof, and to present witnesses and evidence in defendant's own behalf. The defendant understands that defendant would have the right to testify in defendant's own behalf, but that defendant could not be compelled to do so. Defendant has discussed these rights with defendant's attorney. Defendant is satisfied with the services of defendant's lawyer. Defendant knowingly and voluntarily waives defendant's right to plead not guilty and to proceed to trial.

(3)

FORREST WILLIAM HAMM fully cognizant of his rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (5) below, agrees pursuant to Rule 11(e), Federal Rules of Criminal Procedure, as follows:

(A)   The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One (1) of the Indictment which charges defendant with Possession with Intent to Distribute in excess of five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21 United States Code Sections 841 (a)(1) and (b)(1)(A)(ii).

(B)   That defendant fully understands that his plea of guilty as set forth in Subparagraph (2)(A), above, will subject defendant to a **minimum mandatory sentence of ten (10) years imprisonment to a maximum sentence of life imprisonment, a maximum fine of $4,000,000, or both, and a term of supervised release of at least five (5) years**. He further acknowledges that the Court is required to impose a mandatory assessment of $100.00.

2

DEGS(

(C)   The Defendant acknowledges and understands that the United States attorney has filed a sentencing enhancement information pursuant to Title 21 United States Code Section 851. Defendant acknowledges that, pursuant to the information, his plea as set forth in Paragraph 3(A) would expose the Defendant to a mandatory life imprisonment without release. The United States Attorney agrees to withdrawal the enhancement on condition that Defendant enter the plea as set forth in Paragraph 3(A) and agrees to waive any challenges to the stop of the vehicle or the seizure of the drugs from the vehicle. Defendant fully understands all of his options after having discussed them with his attorney at length.

(D)   The defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that defendant may have received from defendant's counsel, the government, or the Probation Office. The defendant further acknowledges and agrees that defendant will not be allowed to withdraw defendant's plea because defendant has received an estimated guideline range from the government, defendant's counsel, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct guideline range.

(E)   The defendant understands fully and has discussed with his attorney that the Court will not be able to determine the appropriate guideline sentence until after a pre-sentence investigative report has been completed. The defendant understands and has discussed with his attorney that the defendant will have an opportunity to review the pre-sentence investigative report and challenge any facts reported therein. The defendant understands and has discussed with his attorney that any objections or challenges by the defendant or his attorney to the Pre-

Sentence Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(F)   Defendant understands and has discussed with his attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

(G)   Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(H)   Defendant agrees to provide complete, candid, and truthful statements to federal law enforcement officers regarding his involvement and the involvement of all others involved in the charges alleged in the present Indictment. The defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. The defendant understands that this agreement does not require the defendant to implicate any particular individual or individuals or to "make a case," rather it requires the defendant to be truthful and to testify truthfully whenever called upon.

(I)   Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed. The reason for such waiver is so that at sentencing, the Court will have the benefit of all relevant information.

(J)   Understanding that Title 18, United States Code, Section 3742, provides for appeal by a defendant of defendant's sentence under certain circumstances, defendant by this

DEGC

agreement waives any right to a direct appeal or other review of defendant's sentence by the District Court or Court of Appeals after conviction except in the case of an upward departure from the guidelines pursuant to 5K2.0 and 4A1.3 and any claim of ineffective assistance of counsel.

Notwithstanding these waivers, the defendant expressly reserves the right to file a direct appeal of an upward departure pursuant to U.S.S.G. § 4A1.3 (criminal history) or § 5K2.0 (offense level) which the Court specifies at the time of the defendant's sentencing. The defendant understands and agrees that defendant's waiver as to all other U.S.S.G. findings would still be in force and effect, notwithstanding defendant's reserved right to appeal an upward departure.

The defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney appeals the defendant's sentence pursuant to this statute, the defendant is released from defendant's waiver of defendant's right to appeal altogether.

(4)

FORFEITURE PROVISION

(A)   In accordance with Count Two (2) of the Indictment, the defendant agrees to the following forfeiture:

   (1)   The defendant hereby forfeits to the United States voluntarily and immediately all of defendant's right, title, and interest in any and all assets listed in Count Two (2)

of the Indictment which are subject to forfeiture pursuant to 21 U.S.C.§853, including:

    (a)    Five thousand dollars ($5000.00) in United States currency credited to account number 8571351 in the Dade County Federal Credit Union Bank. Defendant agrees to the entry of a preliminary order of forfeiture of these assets pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) upon acceptance of defendant's plea of guilty by the United States District Court.

(2) The defendant agrees the listed asset was possessed by the defendant on or about May 29, 2003, as alleged in Count Two (2) of the Indictment.

(3) The defendant agrees fully to assist the United States in the forfeiture of the assets named in or covered by paragraph (A)(1), above, and to take whatever steps are necessary to pass clear title to those assets to the United States, including but not limited to, surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above assets to the United States, assisting in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

(4) The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be or has been initiated.

DEGJ

(5) The defendant agrees to waive defendant's right to notice of any forfeiture proceeding involving this property, and agrees not to file a claim or assist others in filing a claim in any such forfeiture proceeding.

(6) The defendant knowingly and voluntarily waives defendant's right to a jury trial on the forfeiture of these assets. Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding. Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of these assets by the United States, the State of Georgia, or its subdivision.

(7) The defendant agrees to hold harmless, release, and forever discharge the United States, its officers, agents, attorneys, servants, and employees, from any and all actions, causes of actions, suits, proceedings, debt, dues, contracts, judgments, damages, claims, or demands whatsoever in law or equity which the defendant, his successors, or assigns, ever had, now have, or may have, whether known or unknown, in connection with the seizure and forfeiture of these assets.

(8) The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of assets pursuant to this plea agreement.

(5)

In exchange for the consideration set forth in Paragraph (3) and (4) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)    That he will accept the plea of guilty by FORREST WILLIAM HAMM as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of his guilty plea, which might have been brought solely in this district against the defendant.

(B)    That he further agrees to make the extent and value, if any, of the defendant's cooperation known to the Court by communicating the same to the United States Probation Office prior to sentencing. If the defendant provides substantial assistance in the investigation or prosecution of others, the government agrees to file a motion pursuant to U.S.S.G. § 5K1.1 and Title 18, United States Code, Section 3553(e), prior to the time of sentencing informing the Court of defendant's substantial assistance. Defendant understands that it will be entirely in the Court's discretion as to what, if any, departure from the guidelines the defendant will receive for his assistance. Whether the defendant has provided such substantial assistance is a matter to be determined in the sole discretion of the United States Attorney of the Middle District of Georgia.

(C)    That he will not use any information provided by the defendant against the defendant in any other criminal proceedings or use such information to determine his guideline sentencing range pursuant to U.S.S.G. § 1B1.8, except as authorized by Paragraph (5). Further, FORREST WILLIAM HAMM will not be charged with any other criminal acts based upon such information as long as such information is truthful.

(D)  If the defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend to the Court that the defendant receive an appropriate downward departure for such acceptance. It is entirely within the Court's discretion whether or not the defendant would be entitled to any reduction based upon an acceptance of responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that the defendant has not accepted responsibility.

(6)

Nothing herein limits the sentencing discretion of the Court.

(7)

The United States of America and FORREST WILLIAM HAMM hereby agree that any breach of this agreement by the defendant occasioned by a failure to cooperate, by withholding information, giving of false information, perjury, or failure to testify in any judicial proceeding in connection with the individuals, matters, and transactions referred to in the information, would: (a) not relieve the defendant of his plea of guilty; (b) permit the government to reinstate and proceed with prosecution on any other charges arising from the matters referred to in this information; (c) permit the government to instigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statement, and/or obstruction of justice; and (d) permit the government to utilize against the defendant in any subsequent judicial proceeding any and all statements made by the defendant. If a legitimate issue arises as to whether or not there has been a breach of this agreement, said

question shall be determined by the United States District Court for the Middle District of Georgia. The burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence. The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

(8)

This agreement constitutes the entire agreement between the defendant, FORREST WILLIAM HAMM, and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, FORREST WILLIAM HAMM states that no person has, directly or indirectly, threatened or coerced defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(9)

## STIPULATION OF FACTS

As an aid to this Court, the United States Attorney and the Defendant, by and through his counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing. The defendant and his counsel fully understand that in making its findings of fact for the purpose

of sentencing, the Court applies the "preponderance of evidence" standard. The defendant understands and has discussed with his attorney that if the Court rejects this stipulation as written and determines the facts independently of the stipulation, that this action is not grounds for withdrawal of the guilty plea. This stipulation is merely an aid to the Court and the Court is not bound thereby.

Subject to the above paragraph, the United States Attorney and the defendant stipulate and agree that should this case go to trial before a jury, the following facts would be proven by the Government beyond a reasonable doubt:

On May 29, 2003 in Lamar County Georgia a Deputy Sheriff was patrolling Interstate 75. The deputy noticed a Dodge Intrepid traveling northbound in the center lane of travel at a speed of sixty-five (65) miles per hour in a seventy (70) mile per hour speed zone. At the time there was moderate traffic on the highway, traveling faster than the Intrepid. The Intrepid's speed forced other vehicles to change lanes in order to avoid a collision. The Intrepid suddenly made an abrupt lane change without using a proper signal. This caused another vehicle to make an abrupt lane change in order to avoid a collision. The Intrepid then weaved again, this time going outside of the lane and crossing the fog line into the rumble strip in the break down lane. The driver, later identified as HAMM, then jerked the car back into the lane of travel. HAMM was pulled over by the deputy. HAMM was asked for his license. Hamm responded by handing the Deputy a copy of the rental car agreement. The deputy again requested HAMM's driver's license. HAMM tried to produce the license from his wallet but was unable to do so because his hands were shaking so badly.

The deputy explained to HAMM why he had been pulled over and asked where Hamm was headed. HAMM indicated he was visiting his Aunt in Atlanta. HAMM could not tell the officer where she lived except to say she lived off of Memorial Drive. When the officer offered to give directions, HAMM changed his story and said she had moved over by Phillips arena. As the deputy was speaking to HAMM he noticed an odor coming from the vehicle which the deputy recognized as the smell of cocaine. The deputy went to the back of the car to check the license plate and when he returned to the driver's side of the car HAMM had sprayed a large amount of cologne to mask the smell.

The deputy asked for consent to search the vehicle which HAMM denied. The deputy then informed HAMM that he would use his K-9 to conduct a free air search. The K-9 made a positive response to three different places on the car, one being the trunk. The deputy searched the trunk and found a brown overnight bag. In the bag underneath a layer of clothing was fourteen (14) individually wrapped kilograms of cocaine, along with a visa card belonging to HAMM.

The substances were submitted to the Georgia Bureau of Investigations (GBI) drug lab for analysis. The lab test showed that the substances were cocaine with a net weight of 13,973.85 grams.

Furthermore, a deposit receipt from the Dade County Federal Credit Union dated May 27, 2003 for account number 8571351 was also seized during the stop. Subsequent investigation revealed the account belonged to the defendant and that it had an account balance of five thousand dollars ($5,000.00) in United States Currency. HAMM stipulates that this currency

represents the proceeds of illegal drugs. Accordingly, HAMM agrees to forfeit the currency to the United States.

The Government and Defendant hereby stipulate that for the purpose of computing the relevant conduct attributable to the Defendant pursuant to U.S.S.G. § 1B1.3, the amount of drugs attributable to the Defendant is approximately 13973.85 grams of a mixture and substance containing cocaine.

(10)

ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with his attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the defendant, FORREST WILLIAM HAMM.

SO AGREED, this 9th day of September, 2003.

MAXWELL WOOD
UNITED STATES ATTORNEY

BY: _____
JENNIFER KOLMAN
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 427930

13

I, FORREST WILLIAM HAMM, have read this agreement and had this agreement read to me by my attorney, DOYE E. GREEN. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
FORREST WILLIAM HAMM,
DEFENDANT

I, DOYE E. GREEN, attorney for defendant FORREST WILLIAM HAMM, have explained the Indictment and the government's evidence received through discovery and my investigation of the charge to FORREST WILLIAM HAMM. I believe defendant understands the charge against defendant and the evidence that would be presented against defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to FORREST WILLIAM HAMM. To the best of my knowledge and belief, FORREST WILLIAM HAMM understands this agreement.

_____
DOYE E. GREEN
ATTORNEY FOR DEFENDANT